Electronically Filed - Jackson - Kansas City - July 16, 2020 - 10:20 AM

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

| | | |
|---|---|---|
| **ROBERT A BROWN,** | ) | |
| Individually And On Behalf Of | ) | |
| All Others, | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | Case No.: |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **REALPAGE, INC.** | **)** | |
| **d/b/a Leasing Desk Screening** | **)** | |
| **Registered Agent:** | **)** | |
| United Corporate Services, Inc. | ) | |
| Elm Court Plaza, 1739 East Elm St., Ste. 101) | | |
| Jefferson City, MO   65101 | ) | |
|     Defendant. | ) | |

## PETITION

**COMES NOW** the Plaintiff, Robert A Brown, by and through his attorneys, and

on behalf of himself, the Putative Classes set forth below, and in the public interest,

brings the following Petition against Defendant, RealPage, Inc., ("Defendant"), pursuant

to the Fair Credit Reporting Act ("FCRA").

## PRELIMINARY STATEMENTS

1.    Plaintiff brings this action against Defendant for violations of the FCRA.

2.    Defendant is a Consumer Reporting Agency (as defined by the FCRA).

3.    The Defendant provided information, concerning the Plaintiff, to a third party

entity in 2018.

4.    The Defendant provided information, concerning the Plaintiff, to a third party

entity in 2019.

5.    The Defendant provided information, concerning the Plaintiff, to a third party

entity in 2020.

**EXHIBIT A**

6.    The information provided by the Defendant, concerning the Plaintiff, was a consumer report (as a consumer report is defined pursuant to the FCRA).

7.    The information provided by the Defendant, concerning the Plaintiff, was inaccurate.

8.    The Defendant was aware that the information it produced concerning the Plaintiff was inaccurate.

9.    The Plaintiff informed the Defendant that it was producing inaccurate information.

10.   The Defendant has an obligation to reinvestigate the accuracy of "any item of information" that is disputed by a consumer. 15 U.S.C. §1681i(a)(1)(A).

11.   As part of any reinvestigation the FCRA requires the Defendant to notify the source of the contested information regarding the dispute and provide the source with all relevant information the consumer has provided. 15 U.S.C. §1681i(a)(2)(A).

12.   Plaintiff asserts FCRA claims against Defendant for violations of the FCRA.

13.   Plaintiff seeks actual damages, statutory damages, punitive damages, costs and attorneys' fees, and all other relief available pursuant to the FCRA.

## PARTIES

14.   Plaintiff is a resident of Kansas City, Missouri.

15.   Defendant is a foreign company doing business throughout the United States.

## JURISDICTION AND VENUE

16.   This court has jurisdiction over Plaintiff's FCRA claim pursuant to 15 U.S.C. § 1681p and Article V, Section 14(a) of the Constitution of Missouri.

17.     Venue is proper in this Court pursuant to R.S.Mo. 508.010.2(4).

## FACTUAL ALLEGATIONS

18.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

19.     In or about May of 2018, the Plaintiff moved from his apartment at Plaza Apartments.

20.     Plaintiff obtained temporary housing accommodations.

21.     Plaintiff applied for an apartment to rent at Nowlin Hall in or about July 2018.

22.     Nowlin Hall is an apartment complex managed by Yarco Property Management ("Yarco").

23.     Defendant was paid a fee by Yarco to produce a Consumer Report concerning the Plaintiff.

24.     Defendant produced the Consumer Report to Yarco, concerning the Plaintiff, knowing Yarco would rely on the information contained therein.

25.     The Consumer Report produced to Yarco, concerning the Plaintiff, was misleading, inaccurate, and contained information that belonged to a different person.

26.     The Consumer Report produced to Yarco, concerning the Plaintiff, contained eviction records that did not belong to the Plaintiff.

27.     Yarco denied the Plaintiff's rental application for Nowlin Hall in July of 2018 based on the inaccurate Consumer Report.

28.     Plaintiff contacted Yarco about the denial and was told the Consumer Report showed an eviction.

29.     Plaintiff was told by Yarco that he had to contact the Defendant to contest the

information.

30. In or about August of 2018, the Plaintiff applied for an apartment with Greenleaf Apartments.

31. Greenleaf Apartments is an apartment complex managed by The Michaels Organization ("Michaels").

32. Defendant was paid a fee by Michaels to produce a Consumer Report concerning the Plaintiff.

33. Defendant produced the Consumer Report to Michaels knowing it would rely on the information contained therein.

34. The Consumer Report produced to Michaels, concerning the Plaintiff, was misleading, inaccurate, and contained information that belonged to a different person.

35. The Consumer Report produced to Michaels, concerning the Plaintiff, contained eviction records that did not belong to the Plaintiff.

36. Michaels denied the Plaintiff's rental application for Greenleaf Apartments in August of 2018 based on the inaccurate Consumer Report.

37. Plaintiff called the Defendant in or about August of 2018 and contested the eviction information within the Consumer Report.

38. Plaintiff was informed during the phone call that PK Management had reported the information; the Defendant did not remove the contested information.

39. Plaintiff relocated to a new temporary housing accommodation as he searched for an apartment.

40. At one point, Plaintiff was forced to live in a storage unit because he was unable

to rent an apartment due to inaccurate information in his Consumer Report.

41.     Plaintiff lived in the storage unit from approximately December of 2018 through January of 2019.

42.     From approximately January 2019 until March of 2019 the Plaintiff was homeless and stayed in city parks using fires to try and keep warm.

43.     The Plaintiff, who was honorably discharged form the military, began receiving help from the VA in or around March 2019.

44.     In March of 2019 the law firm Dubail Judge wrote a dispute letter to the Defendant regarding the inaccurate Consumer Reports produced in 2018 regarding the Plaintiff.

45.     The March 2019 letter provided the Defendant the Plaintiff's previous residence, date of birth, and the last four numbers of his social security number.

46.     In March 2019, the Plaintiff applied for an apartment at Marlborough Manor.

47.     Marlborough Manor is an apartment complex managed by Dalmark.

48.     Defendant was paid a fee by Dalmark to produce a Consumer Report concerning the Plaintiff.

49.     Defendant produced the Consumer Report to Dalmark knowing it would rely on the information contained therein.

50.     Defendant produced the Consumer Report to Dalmark knowing it would rely on the information in the report to make decisions regarding whether to rent or lease an apartment to the Plaintiff.

51.     The Consumer Report produced to Dalmark, concerning the Plaintiff, was misleading, inaccurate, and contained eviction information about another

individual.

52. The Consumer Report produced to Dalmark, concerning the Plaintiff, contained eviction records that did not belong to the Plaintiff.

53. Dalmark denied the Plaintiff's rental application for Marlborough Manor in or about March of 2019 based on the inaccurate Consumer Report.

54. In or about March of 2019 Plaintiff found shelter at a temporary housing shelter, Footprints Inc., a facility that provides emergency housing for Veterans.

55. In April of 2019 Dubail Judge wrote a second letter contesting the inaccurate information contained within the Plaintiff's Consumer Report.

56. In late April of 2019 the Defendant responded to the Plaintiff's April letter and stated that the information would be removed from the Plaintiff file.

57. In or around April/May of 2019 the Plaintiff reapplied at Yarco's property Nowlin Hall.

58. Plaintiff was denied again because of inaccurate information in his Consumer Report.

59. The May 2019 denial by Yarco was subsequent to the Defendant being placed on notice of the data that was misleading, inaccurate, and belonged to another individual.

60. Finally, in May of 2019 with help from the VA and Footsteps Inc., the Plaintiff was able to secure an apartment at Glenville Towers.

61. Plaintiff requested a copy of his Consumer File from the Defendant in December of 2019.

62. The Consumer File provided to the Plaintiff contained information that did not

belong to the Plaintiff.

63. The Consumer File produced to the Plaintiff included information for a Richard Brown that lived at Plaza I Apartments.

64. Plaintiff has never used the name Richard Brown.

65. The Richard Brown who lived at the Plaza I Apartments has a different date of birth than the Plaintiff.

66. The Richard Brown who lived at the Plaza I Apartments has a different social security number than the Plaintiff.

67. The Richard Brown who lived at the Plaza I Apartments lived at a different address than the Plaintiff.

68. The Richard Brown who lived at the Plaza I Apartments lived at his location during a different time frame than the Plaintiff.

69. Plaintiff's Consumer File indicates that the Plaintiff stopped living at the Plaza I Apartments in 2016.

70. The Richard Brown who lived at the Plaza I Apartments was evicted in 2016.

71. Plaintiff lived at his apartment until 2018; not 2016.

72. Plaintiff applied for an apartment to rent at Nowlin Hall again in or about March of 2020.

73. Defendant produced a Consumer Report to Yarco.

74. Defendant was paid a fee by Yarco to produce a Consumer Report concerning the Plaintiff.

75. Defendant produced the Consumer Report to Yarco knowing it would rely on information in the report to make decisions regarding whether to rent or lease an

apartment to the Plaintiff.

76.    The Consumer Report produced to Yarco, concerning the Plaintiff, was misleading, inaccurate, and contained information that belonged to a different person.

77.    The Consumer Report produced to Yarco, concerning the Plaintiff, contained records that did not belong to the Plaintiff.

78.    Yarco denied the Plaintiff's rental application for Nowlin Hall in March of 2020 based on the inaccurate Consumer Report.

79.    Plaintiff contacted Yarco about the denial and was told the Consumer Report showed unsatisfactory rental history and he had to contact the Defendant to contest the information.

80.    The Consumer Report again was misleading, inaccurate, and contained information that belonged to a different person.

81.    Defendant must exercise reasonable care to verify that the individual about whom derogatory information is received is, in fact, the consumer into whose file they are inserting the information

82.    Defendant must further exercise reasonable care that the individual whose report is furnished to the user is the same individual that is requested by the user. *Andrews v. TRW, Inc*., 225 F.3d 1063 (9th Cir. 2000), *rev'd on other grounds*, 534 U.S. 19 (2001); *Philbin v. Trans Union Corp*., 101 F.3d 957 (3d Cir. 1996); *Bryant v. TRW, Inc*., 689 F.2d 72 (6th Cir. 1982); *Thompson v. San Antonio Retail Merchant Ass'n*, 682 F.2d 509 (5th Cir. 1982); *Fahey v. Experian Info. Serv*., 571 F. Supp. 2d 1082, 2008 WL 2831801 (E.D. Mo. July 23, 2008); *Rothery v. Trans*

Electronically Filed - Jackson - Kansas City - July 16, 2020 - 10:20 AM

*Union, L.L.C.*, 2006 WL 1720498 (D. Or. Apr. 6, 2006); *Valvo v. Trans Union, L.L.C.*, 2005 WL 3618272 (D.R.I. Oct. 27, 2005); *Comeaux v. Experian Info. Solutions*, 2004 WL 1354412 (E.D. Tex. June 8, 2004); *Harris v. Equifax Credit Info. Serv., Inc.*, 2003 WL 23962280 (D. Or. Nov. 24, 2003); *Jones v. Credit Bureau of Garden City*, 1989 WL 107747 (D. Kan. Aug. 28, 1989); *Jones v. Credit Bureau of Garden City*, 703 F. Supp. 897 (D. Kan. 1988); *Miller v. Credit Bureau, Inc.*, [1969–1973 Decisions Transfer Binder] Consumer Cred. Guide (CCH) ¶ 99,173 (D.C. Super. Ct. 1972). *Cf. Lendino v. Trans Union Credit Info. Co.*, 970 F.2d 1110 (2d Cir. 1992); *Tinsley v. TRW, Inc.*, 879 F. Supp. 550 (D. Md. 1995); *Lowry v. Credit Bureau, Inc. of Georgia*, 444 F. Supp. 541 (N.D. Ga. 1978).

83.   Plaintiff has suffered and continues to suffer damages due to Defendant's violation of his FCRA rights.

84.   Plaintiff's daily activities were interrupted trying to fix the errors in his Consumer Report.

85.   Plaintiff became homeless in part due to the inaccuracies contained within the Defendant's Consumer Report.

86.   Plaintiff's search for residence was prolonged due to the Defendant's failure to correct the inaccuracies in the Plaintiff's Consumer Report even after being placed on notice of the inaccuracies.

87.   Defendant's actions damaged Plaintiff's reputation by sending derogatory and false information to third parties.

88.   Plaintiff suffered and continues to suffer garden variety emotional distress and

anxiety.

89. Defendant's actions caused the Plaintiff to suffer humiliation and embarrassment.

90. Defendant's actions were repeated and are ongoing despite multiple notices that the information included within the consumer report does not belong to the Plaintiff.

91. Defendant is aware of the FCRA.

92. Defendant has knowledge that it must comply with the FCRA.

93. Defendant's violations of the FCRA combined with its knowledge of the requirements of the FCRA is evidence that the Defendant's violations were willful.

## FCRA VIOLATIONS
### Violations of 15 U.S.C. §1681e(b)

94. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

95. The Defendant does not have policies and procedures to produce Consumer Reports in accordance with 15 U.S.C. § 1681e(b).

96. Any policies or procedures the Defendant does have are inadequate to produce Consumer Report in accordance with 15 U.S.C. § 1681e(b).

97. Defendant violated the FCRA by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

98. Defendant's actions were negligent.

99. Defendant's actions caused the Plaintiff actual damages.

100. Defendant's actions increased Plaintiff's risk of harm.

101.    Plaintiff was harmed by the Defendant's actions and suffered an actual injury.

102.    Defendant's violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and rights of Plaintiff under the provisions of the FCRA. Defendant's willful conduct is reflected by, among other things, the following facts:

    a.    Defendant has access to legal advice;

    b.    Defendant produced a consumer report on the Plaintiff that contained information that was misleading, inaccurate and incomplete;

    c.    Defendant produced a consumer report that contained information that was not prepared in a manner that it would assure the maximum accuracy of the information being provided regarding the Plaintiff; and

    d.    Defendant failed to abide by the FCRA.

103.    Plaintiff is entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

104.    Plaintiff is also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

105.    Plaintiff is further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

106.    Plaintiff is further entitled to actual damages and any costs and attorneys' fees, pursuant to 15 U.S.C. §1681o.

**Violations of 15 U.S.C. §1681i(a)(1) and(2)**

107.    Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

108.    The Defendant received multiple notices from the Plaintiff that he disputed the

accuracy of his Consumer Report.

109. The Defendant willfully and negligently failed to comply with the requirements of FCRA sections 1681i(a)(1) and (2) by failing to (a) reinvestigate the disputed inquiry, notify the source of the inquiry about the dispute, and provide the source with all relevant information the Plaintiff provided to the Defendant; or (b) delete the inaccurate information.

110. Plaintiff is entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

111. Plaintiff is also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

112. Plaintiff is further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

113. Plaintiff is further entitled to actual damages and any costs and attorneys' fees, pursuant to 15 U.S.C. §1681o.

**WHEREFORE,** the Plaintiff respectfully requests that this Court issue an Order for the following:

a. Order finding that Defendant committed multiple, separate violations of the FCRA;

b. Order finding that Defendant acted negligently and willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations of the FCRA;

c Order awarding statutory damages and punitive damages as provided the FCRA;

    d.       Order awarding reasonable attorneys' fees and costs as provided by the

               FCRA; and

    e.       Order granting other and further relief, in law or equity, as this Court may

               deem appropriate and just.

## **Demand for Jury Trial**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff has a right to jury trial.

By: /s/ C. Jason Brown
Charles Jason Brown MO 49952
Jayson A. Watkins MO 61434
Brown & Watkins LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com
watkins@brownandwatkins.com
ATTORNEY FOR PLAINTIFF